IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD J. CONRAD and JEFFREY A. SCHULTZ, JR.,

    Plaintiffs,

v.

JON E. LITSCHER,
CAPTAIN LEROY DUNAHAY, JR., and
NICHOLAS R. KLIMPKE,

    Defendants.[1]

OPINION & ORDER

17-cv-418-jdp

---

Pro se plaintiffs Chad J. Conrad and Jeffrey A. Schultz are state prisoners incarcerated at the Jackson Correctional Institution (JCI). In a September 21, 2017 order, I granted them leave to proceed on due process and First Amendment retaliation claims concerning the confiscation of their personal property by defendants, Wisconsin Department of Corrections officers. Dkt. 13. Also in that order, I deferred a decision on whether to allow them to proceed on equal protection claims. I instructed them to supplement their complaint explaining what "suspect class" they are members of. I gave them a deadline of October 11, 2017, to file their supplement. Plaintiffs have done so, Dkt. 15, and Conrad has also moved for a preliminary injunction. Dkt. 14.

First, I will screen plaintiffs' equal protection claims. In their supplemental complaint, plaintiffs explain that they are not members of a suspect class, but rather are attempting to bring class-of-one (or in this case, class-of-two) equal protection claims. The required elements

---

[1] The caption is updated to reflect defendant Klimpke's full name.

of such claims are not entirely clear, as explained in *Del Marcelle v. Brown County Corp.*, 680 F.3d 887, 891 (7th Cir. 2012) (affirming dismissal of a class-of-one claim by an evenly divided court). At a minimum, a class-of-one claim would require plaintiffs to allege that defendants intentionally treated them differently from others similarly situated and that there is no rational basis for the difference in treatment. It is an open question whether plaintiffs must also show that the differential treatment was not merely arbitrary, but motivated by an improper purpose. *See id.* at 893, 899 (Posner, J., plurality opinion); *id.* at 917 (Wood, J., dissenting). If the decision to deprive plaintiffs of their personal property was a discretionary one, they must allege that defendants possessed an improper purpose, or "something like animus, or the lack of justification based on public duties for singling out the plaintiff." *Id.* at 914 (Wood, J., dissenting). Even if the decision is not a discretionary one, plaintiffs may need to allege that defendants intended to treat them "differently from other persons for reasons of a personal character, that is, reasons not grounded in his public duties." *Id.* at 893 (Posner, J., plurality opinion); *see also Brunson v. Murray*, 843 F.3d 698, 708 (7th Cir. 2016) ("'[S]omething other than the normal rational-basis test applies to class-of-one claims [challenging non-discretionary acts],' even if that something has not been clearly delineated." (quoting *Del Marcelle*, 680 F.3d at 900 (Easterbrook, C.J., concurring)) (citation omitted)).

Reading the complaint generously, plaintiffs allege that Klimpke intentionally deprived them of their personal property, and that the other defendants approved of Klimpke's action, even though other, similarly situated inmates are allowed to keep similar property and the DAI policy allows for the possession of such property. Without knowing defendants' reasons for their actions, I cannot determine whether they are rational. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) ("[A] court ought not dismiss an equal protection claim on the basis of

reasons unrevealed to the court."). I will assume that Klimpke's decisions were not discretionary. Under the least-demanding formulation of the class-of-one claim's elements, plaintiffs state a claim, barely. So I will allow them to proceed on class-of-one claims against defendants.

I turn now to Conrad's motion for a preliminary injunction. Dkt. 14. He seeks an injunction enjoining defendants from destroying or transferring his confiscated property pending the outcome of the suit. Although Conrad has not fully satisfied the procedural requirements detailed in the court's administrative order on motions for injunctive relief, he has verified the truth of the facts contained in his motion. So I will direct defendants to respond to Conrad's motion. Defendants' response need not include a formal statement of proposed facts, but it should be supported by appropriate declarations and supporting documentation. After they file their response and Conrad files his reply, I will determine whether a hearing is necessary.

ORDER

IT IS ORDERED that:

1. Plaintiffs Chad J. Conrad and Jeffry A. Schultz are GRANTED leave to proceed on Fourteenth Amendment procedural due process and equal protection claims against defendants Jon E. Litscher, Captain LeRoy Dunahay, Jr., and Nicholas R. Klimpke.

2. Plaintiff Chad J. Conrad is GRANTED leave to proceed on a First Amendment retaliation claim against defendant Captain LeRoy Dunahay, Jr.

3. Defendants must respond to plaintiff's motion for preliminary injunction, Dkt. 17, by November 15, 2017. Plaintiff Chad J. Conrad may file a reply by November 27, 2017.

Entered October 25, 2017.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge