IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD J. CONRAD and JEFFREY A. SCHULTZ, JR.,

            Plaintiffs,

  v.

JON E. LITSCHER,
CAPTAIN LEROY DUNAHAY, JR., and
NICHOLAS R. KLIMPKE,

            Defendants.

OPINION & ORDER

17-cv-418-jdp

---

Pro se plaintiffs Chad J. Conrad and Jeffrey A. Schultz are state prisoners incarcerated at the Jackson Correctional Institution (JCI). They are proceeding on due process, equal protection, and First Amendment retaliation claims concerning the confiscation of their personal property by defendants, Wisconsin Department of Corrections officers. Several motions are before the court, which I will address in turn.

First, Conrad has moved for a preliminary injunction enjoining defendants from destroying or transferring his confiscated property pending the outcome of the suit. Dkt. 14. Defendants indicate that they will not destroy or otherwise dispose of Conrad's confiscated property while the lawsuit is pending. Dkt. 28. On the basis of defendants' representation, I will deny Conrad's motion as moot. There is no risk that he will lose his property while awaiting a final judgment.

Defendants filed a motion to dismiss plaintiffs' due process claims and all claims against Jon E. Litscher. Dkt. 23. In response, plaintiffs moved for leave to file an amended complaint that addresses some of the issues raised in defendants' motion to dismiss. Dkt. 30 and Dkt.

31. Under Federal Rule of Civil Procedure 15, the court should freely give leave to amend a complaint when justice so requires. I will grant plaintiffs' motion to amend their complaint to drop all claims against Litscher and dismiss him from the case. As for plaintiffs' request to add new defendants, I must screen their proposed claims under 28 U.S.C. § 1915A, just as I screened the claims in their original complaint.

Plaintiffs name two new defendants in their amended complaint: Jason A. Achterberg, the security director at Stanley Correctional Institution (SCI), where Conrad was incarcerated before his transfer to JCI, and Kevin R. Garceau, the JCI security director. Plaintiffs allege that Conrad had an "altercation" with Achterberg at SCI in May 2015. Dkt. 31, ¶ 15. Achterberg then contacted Garceau and they agreed to transfer Conrad to JCI. Upon Conrad's arrival at JCI, defendant Nicholas R. Klimpke told Conrad that he was confiscating Conrad's music hobby property "because of events which had occurred at SCI prior to [Conrad's] transfer." *Id.* ¶ 23.

To state a claim under § 1983, a plaintiff must allege facts indicating how the defendant is "personally responsible for the constitutional deprivation." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir. 2002). The allegation that Achterberg and Garceau caused Conrad's transfer to JCI does not mean that they were personally involved in the deprivation of Conrad's property. So plaintiffs may not proceed against Achterberg or Garceau.

Defendants' motion to dismiss is directed at a no-longer-operative complaint, which would moot the motion under normal circumstances. But in some cases, the court is able to redirect a pending motion toward a newly-operative complaint in the interests of efficiency. This is one of those cases, as defendants' arguments concerning plaintiffs' due process claims

remain live. So I will redirect defendants' motion to plaintiffs' amended complaint and set new briefing deadlines.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for a preliminary injunction, Dkt. 14, is DENIED as moot.

2. Plaintiffs Chad J. Conrad and Jeffry A. Schultz's motion for leave to amend their complaint, Dkt. 30, is GRANTED.

3. Defendant Jon E. Litscher is DISMISSED from the case.

4. Plaintiffs may respond to defendants' motion to dismiss, Dkt. 23, by February 27, 2018. Defendants may file a reply by March 9, 2018.

Entered February 6, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge