IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD J. CONRAD and JEFFREY A. SCHULTZ, JR.,

             Plaintiffs,

v.

CAPTAIN LEROY DUNAHAY, JR., and NICHOLAS R. KLIMPKE,

             Defendants.

OPINION & ORDER

17-cv-418-jdp

---

Pro se plaintiffs Chad J. Conrad and Jeffrey A. Schultz are state prisoners incarcerated at the Jackson Correctional Institution (JCI). They are proceeding on due process, equal protection, and First Amendment retaliation claims concerning the confiscation of their personal property by defendants, Wisconsin Department of Corrections officers. Several motions are before the court.

**A. Motion to dismiss**

Defendants have moved to dismiss plaintiffs' due process claims. Dkt. 23. Plaintiffs asked the court to extend their response deadline, Dkt. 43, but later withdrew that motion and indicated that they did not oppose defendants' motion to dismiss. So I will grant defendants' motion to dismiss plaintiffs' due process claims and deny plaintiffs' motion for an extension as moot. The case will proceed on plaintiffs' equal protection and retaliation claims alone.

**B. Default motions**

Plaintiffs have moved for entry of default and default judgment based on defendants' failure to file an answer to plaintiffs' fourth amended complaint. Dkt. 59 and Dkt. 61. The clerk of court is responsible for entering default under Federal Rule of Civil Procedure 55(a)

but has not done so in this case because default is inappropriate. Rule 55(a) provides that default must be entered against a party against whom affirmative relief is sought, but who fails "to plead or otherwise defend." Defendants have defended against plaintiffs' claims by filing a motion to dismiss, which I redirected to plaintiffs' fourth amended complaint. *See* Dkt. 37, at 2–3. So defendants have not defaulted, and I will deny plaintiffs' motion.

**C. Motion for leave to amend complaint**

Plaintiffs seek leave to amend their complaint to add retaliation claims against several JCI officials for events postdating plaintiffs' filing of this lawsuit. Specifically, plaintiffs allege that a JCI official did not mail some of their submissions to the court, and that other JCI officials issued Conrad a conduct report for an innocent act—throwing away an empty ice cream container while working in the prison kitchen—that resulted in Conrad losing his job, being confined to his cell, and being removed from the prisoners assisting with service dogs (PAWS) program.

Only one of the JCI officials allegedly involved in these acts, defendant Nicholas R. Klimpke, is already a defendant in this case. The sole allegation against him is that about a week after Conrad was removed from the PAWS program, Klimpke said "got you" as he passed Conrad. Dkt. 70, ¶ 107. Federal Rule of Civil Procedure 18 does not allow me to add a whole new set of defendants along with the current set, unless the claims may also be joined together under Rule 20. *See, e.g.*, *Balli v. Wis. Dep't of Corr.*, No. 10-cv-67, 2010 WL 924886, at *1 (W.D. Wis. Mar. 9, 2010) ("[T]he core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18."). Plaintiffs say that their new claims are related to their current claims because they concern retaliation for filing this lawsuit. But that is not enough of a

2

connection to say that these claims are part of the same series of transactions or occurrences regarding the confiscation of plaintiffs' music hobby property and the denial of Conrad's request for eyeglasses—the factual basis for plaintiffs' current claims. So I will deny plaintiffs' motion for leave to amend their complaint. They remain free to bring these new allegations in a new lawsuit.

**D. Motion to consolidate**

Plaintiffs move to consolidate their case with *Paulson v. Petronovich*, No. 17-cv-97 (W.D. Wis. filed Feb. 6, 2017). But *Paulson* was recently dismissed because of the plaintiff's failure to prosecute his claims. *See Paulson*, No. 17-cv-97, Dkt. 41. So I will deny plaintiffs' motion to consolidate.

**E. Discovery-related motions**

Plaintiffs have moved for an order compelling defendants to produce several categories of documents and information. First, plaintiffs asked for "communication documents." Dkt. 44, at 1. But more recently, they indicated that this issue is moot because defendants have produced the documents they sought. Regardless, plaintiffs have not explained what documents they wanted, specifically, so I would not have enough information to rule in their favor even if the issue were still a live one.

Second, plaintiffs want the identity of all inmates at JCI and any other Wisconsin correctional institution who possess music hobby property similar to the property Conrad has been denied (that is, electronic music accessories). Defendants have given plaintiffs a response for JCI, which is that no other inmate possesses music hobby property similar to Conrad's. Plaintiffs are unhappy with this response for two reasons. First, they argue that defendants should have acknowledged that Schultz possesses electronic music accessories. There's no need

to compel a further response from defendants for this reason, because it's clear from defendants' filings that they interpreted plaintiffs' interrogatory as concerning inmates other than Conrad and Schultz, and plaintiffs already know what property Schultz has. Second, plaintiffs argue that other inmates used to possess electronic music accessories—it was only after Conrad started complaining about the confiscation of his property that JCI officials tracked down and confiscated similar property. There's no need to compel a further response from defendants for this reason, either. Plaintiffs asked who "currently possesses" similar music hobby property at JCI, Dkt. 44, at 1, and defendants provided a response.

Defendants have not identified inmates with similar music hobby property at other correctional institutions. They contend that to do so would be unduly burdensome: searching JCI's records for inmates with electronic music accessories took four hours, so searching the records of Wisconsin's many other correctional institutions would take a very long time. The burden or expense of the proposed discovery is a factor to consider when deciding whether to order production of discovery. Fed. R. Civ. P. 26(b)(1). It must be weighed against the likely benefit of the discovery to the party requesting it. *Id.* Here, plaintiffs argue only that the records are relevant to their equal protection claims. But their equal protection claims are against two JCI officials, who presumably only have a say in whether JCI inmates get to keep their electronic guitar accessories. The fact that other officials at other institutions allow inmates to possess similar property doesn't shed much, if any, light on whether the two named defendants in this case are treating plaintiffs differently than they treat other inmates. In other words, the fact that other institutions interpret the personal property policy differently does not mean that *defendants in this case* have intentionally treated plaintiffs differently from other inmates. So I will not order defendants to produce information about inmates at other institutions.

Plaintiffs also move for sanctions concerning defendants' responses to these and several other discovery requests. Dkt. 50 and Dkt. 54. Sanctions under Federal Rule of Civil Procedure 37(a)(5) are allowed only when a motion to compel is granted, and they are limited to "the movant's reasonable expenses incurred in making the motion, including attorney's fees." Here, I am denying plaintiffs' motion to compel the discovery listed above, and plaintiffs haven't moved to compel the other discovery discussed in their sanctions motion. (It appears that plaintiffs have obtained the other discovery—their complaints are with the delay in receiving it and the manner in which they received it.) So sanctions aren't called for. I will deny plaintiffs' motion for sanctions.

Finally, plaintiffs move for an order allowing them to depose defendants, several other JCI officials, and a JCI inmate by written questions. Dkt. 64. Because they cannot afford the costs associated with a deposition, they ask the court to order defendants to cover the costs. Defendants argue that plaintiffs have other means of obtaining the information they seek, such as simply asking the officials and inmate for the information directly, asking the officials and inmate to sign declarations, and sending more requests for production of documents and interrogatories to defendants. Defendants also argue that some of the information plaintiffs seek is not relevant to their claims. I generally agree with defendants, but I will not stop plaintiffs from deposing anyone. They are free to do so (unless a motion for a protective order is filed).

But the crux of plaintiffs' motion is their request that defendants foot the bill—without a court order forcing defendants to pay, plaintiffs will be unable to take any depositions, written or otherwise. I will not shift deposition costs to defendants at this point. Plaintiffs acknowledge that "as a general rule, each party is expected, at least initially, to pay its own costs and expenses

incurred in connection with depositions." *Id.* at 3. But they cite *Moore's Federal Practice* and several cases from other circuits for the proposition that district courts have the inherent authority to order one party to pay another party's deposition costs. That's true. But *Moore's* goes on to explain that "there is no requirement that the United States provide free copies of deposition transcripts to indigent civil litigants under the *in forma pauperis* statute." § 30.70. And the cases that plaintiffs cite concern shifting costs associated with travel to the deposition, *see Navarro de Cosme v. Hospital Pavia*, 922 F.2d 926, 930 (1st Cir. 1991), or ordering the party taking a deposition to pay for the other party's transcript, *see Tabron v. Grace*, 6 F.3d 147, 158–60 (3d Cir. 1993). They cite no case, and I have found none, in which a court ordered a defendant to pay all of the costs associated with the plaintiff's deposition merely because the plaintiff was indigent. So I will deny plaintiffs' motion.

But I encourage plaintiffs to use the discovery tools available to them. For example, they may issue subpoenas to non-parties under Rule 45; they may ask non-parties to sign declarations; they may ask defendants to admit specific facts or opinions under Rule 36; and they may send defendants additional interrogatories and requests for production of documents under Rule 33 and 34.

ORDER

IT IS ORDERED that:

1. Defendants Captain Leroy Dunahay, Jr., and Nicholas R. Klimpke's motion to dismiss, Dkt. 23, is GRANTED as unopposed.

2. Plaintiffs Chad J. Conrad and Jeffrey A. Schultz, Jr.'s motion to extend the deadline to respond to the motion to dismiss, Dkt. 43, is DENIED as moot.

3. Plaintiffs' motions for entry of default and default judgment, Dkt. 59 and Dkt. 61, are DENIED.

4. Plaintiffs' motion for leave to amend their complaint, Dkt. 69, is DENIED.

5. Plaintiffs' motion for consolidation, Dkt. 42, is DENIED.

6. Plaintiffs' motion to compel, Dkt. 44, is DENIED.

7. Plaintiffs' motions for sanctions, Dkt. 50 and Dkt. 54, are DENIED.

8. Plaintiffs' motion for an order shifting deposition costs to defendants, Dkt. 64, is DENIED.

Entered July 16, 2018.

                BY THE COURT:

                /s/
                _____
                JAMES D. PETERSON
                District Judge