IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD J. CONRAD and JEFFREY A. SCHULTZ, JR.,

                Plaintiffs,

v.

CAPTAIN LEROY DUNAHAY, JR., and
NICHOLAS R. KLIMPKE,

                Defendants.

OPINION & ORDER

17-cv-418-jdp

---

      Pro se plaintiffs Chad J. Conrad and Jeffrey A. Schultz are state prisoners incarcerated at the Jackson Correctional Institution and McNaughton Correctional Center, respectively. They are proceeding on equal protection and First Amendment retaliation claims concerning the confiscation of their personal property by defendants, Wisconsin Department of Corrections officers. In a July 16, 2018 order, I denied plaintiffs' request to order defendants to pay for plaintiffs to depose defendants and several third parties. Dkt. 72, at 5–6. But I encouraged plaintiffs to use the discovery tools available to them, including interrogatories.

      Now, plaintiffs move for leave to serve 25 additional interrogatories on defendants. Dkt. 76. Defendants oppose this request and ask that at most, plaintiffs be allowed 10 additional interrogatories instead of 25. Under Federal Rule of Civil Procedure 33, a party may serve no more than 25 written interrogatories on any other party. But the court may grant a party leave to serve additional interrogatories that are not unreasonably cumulative or duplicative or that do not seek information that is irrelevant or that could be obtained from a more convenient source. *See* Fed. R. Civ. P. 26(b), 33(a). I am inclined to allow plaintiffs additional interrogatories, as they are proceeding pro se and are unable to conduct depositions. But plaintiffs do not present their proposed interrogatories, so I cannot tell

whether they meet the standard under Rule 33. So I will deny plaintiffs' motion without prejudice to their refiling it along with their proposed interrogatories.

Plaintiffs have also renewed their motion for assistance in recruiting counsel. Dkt. 77. I denied their previous motion for counsel because they had not demonstrated that theirs is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. Dkt. 13. Now, plaintiffs contend that counsel is warranted because (1) their claims have survived defendants' motion to dismiss; (2) Schultz has been transferred to another institution; (3) Conrad has a fear of public speaking; and (4) witness credibility may be an issue at trial.

None of these factors require the assistance of counsel at this time. I granted defendants' motion to dismiss plaintiffs' due process claims as unopposed; defendants did not move to dismiss plaintiffs' equal protection and retaliation claims. The deadline for filing summary judgment motions is approaching; it is not yet clear whether plaintiffs' claims will survive summary judgment. The issues of public speaking and witness credibility will only arise at trial, that is, if summary judgment does not dispose of the case. As for Schultz's transfer to another institution, this will no doubt make it more difficult for plaintiffs to engage in litigation. But it was plaintiffs' choice to file one lawsuit together. Their separation alone is not reason to recruit counsel. Plaintiffs point to *Coleman v. Compton*, No. 13-cv-765, Dkt. 85 (W.D. Wis. June 7, 2016), a case in which I granted a motion for assistance in recruiting counsel because "counsel would be helpful to assist with the logistical difficulties inherent in having two pro se plaintiffs living in different places . . . preparing for trial." *Id.* at 27. But the key phrase there is "preparing for trial." In *Coleman*, I had denied the defendants' summary judgment motion on multiple claims before I attempted to recruit counsel. So I will

not assist plaintiffs in recruiting counsel now, although they may renew their motion after defendants file a summary judgment motion. If they renew their motion, they must explain what tasks, specifically, they are unable to perform without counsel.

ORDER

IT IS ORDERED that:

1. Plaintiffs Chad J. Conrad and Jeffrey A. Schultz, Jr.'s motion for leave to serve additional interrogatories, Dkt. 76, is DENIED without prejudice.

2. Plaintiffs' motion for assistance in recruiting counsel, Dkt. 77, is DENIED without prejudice.

Entered August 17, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge