IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD J. CONRAD and JEFFREY A. SCHULTZ, JR.,

    Plaintiffs,

v.

CAPTAIN LEROY DUNAHAY, JR., and
NICHOLAS R. KLIMPKE,

    Defendants.

ORDER

17-cv-418-jdp

---

In 2017, pro se plaintiffs Chad J. Conrad and Jeffrey A. Schultz brought this lawsuit asserting equal protection and retaliation claims against officials at Jackson Correctional Institution (JCI) arising out of the confiscation of their guitar accessories. I dismissed the case at summary judgment. Dkt. 84. On August 22, 2019, I denied plaintiffs' Rule 59 motion to alter or amend that judgment. Dkt. 127. The clerk of court sent a copy of my decision on the Rule 59 motion to plaintiff Conrad, but it was returned with a handwritten notation on the enclosure envelope that says "Deceased." Dkt. 128.

Because the handwritten notation from the Department of Corrections provides notice of Conrad's death, it qualifies as a "suggestion of death" under Federal Rule of Civil Procedure 25(a). Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Conrad presumably died while the Rule 59 motion remained pending and thus never received my order denying it. He would have had the right to appeal my decision, *see* Fed. R. App. P.

4(a)(4)(A), and his successors or representatives might yet wish to assume his interest in this action. But that raises questions about how to advise Conrad's successors or representatives of their rights. As interpreted in *Atkins v. City of Chicago*, 547 F.3d 869, 870–74 (7th Cir. 2008), Rule 25 requires the party filing the suggestion of death to both identify the proper party to be substituted and serve that individual with the notice. Until proper service is effectuated, the 90-day deadline for substitution is not triggered. *Id.* at 874 ("[N]othing will suffice to start the 90-day clock running except service on whoever is identified as the decedent's representative or successor.").

When this situation has arisen in other prisoner cases, I have typically ordered defendants to identify the proper party to be substituted and then to serve the notice on that party. I will do the same here. The proper party is "the decedent's successors (if his estate has been distributed) or personal representative ([if] it has not been)." *Id.* at 873. Once Conrad's successors or representatives have been notified, they will have 90 days to file a motion for substitution.

One last note: Conrad currently has one other case pending in this court, No. 19-cv-369-jdp. I had not yet screened the complaint in that case, so it had not been sent to the Attorney General for service on the defendants it named. In their response to this order, defendants in this case should provide contact information for Conrad's successors or personal representative so that the court may contact them in connection with the 19-cv-369 case.

ORDER

IT IS ORDERED that:

1. Defendants may have until October 8, 2019, to serve the proper party with notice of death and file proof of service or show cause why they were unable to do so.

2

2. If defendants file proof of service, Conrad's successors or personal representative will have 90 days to file a motion for substitution.

3. Defendants should provide the court with contact information for Conrad's successors or personal representatives in their response to this order.

Entered September 17, 2019.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge
